IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES MERIWEATHER, | ) | |
| Petitioner, | ) ) | |
| | ) | NO. 3:19-cv-00462 |
| v. | ) ) | JUDGE CAMPBELL |
| DARON HALL, | ) ) | |
| Respondent. | ) | |

### MEMORANDUM

Petitioner Charles Meriweather, a pro se state prisoner, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No.1), Respondent filed an Answer (Doc. No. 17), and Petitioner filed a Reply (Doc. No. 19). Petitioner also filed a motion to obtain transcripts of certain state court hearings. (Doc. No. 18). For the following reasons, the Petition will be **DENIED**, this action will be **DISMISSED**, and Petitioner's motion for transcripts will be **DENIED** as moot.

### I. BACKGROUND

In 2006, Petitioner entered a plea agreement in Davidson County Criminal Court cases 2005-B-713 ("Case 713") and 2005-C-1868 ("Case 1868"). (Doc. No. 16-1 at 10–15). In Case 713, Petitioner pleaded guilty to sale of a Schedule II controlled substance greater than 0.5 grams. (*Id.* at 10–12). And in Case 1868, he pleaded guilty to possession of a Schedule II controlled substance over 0.5 grams with intent to sell or deliver. (*Id.* at 13–15). Petitioner received "consecutive twelve-year sentences as a Range II multiple offender to be served one year in confinement followed by five years' probation on each case." *State v. Meriweather*, No. M2019-01779-CCA-R3-CD, 2020 WL 4530690, at *1 (Tenn. Crim. App. Aug. 6, 2020).[1]

---

[1] This opinion pertains to probation revocation proceedings that are not the subject of the Petition, but the Court takes judicial notice of the opinion for its concise summary of relevant procedural history.

Petitioner filed post-conviction petitions in both cases (Doc. No. 16-1 at 19–42, 44–45, 52–68), and the trial court denied relief (*id.* at 71–77). On January 7, 2010, the Tennessee Court of Criminal Appeals ("TCCA") found that "the plea bargain contain[ed] illegal sentences," and thus reversed and remanded for Petitioner "to be allowed to withdraw his guilty pleas." *Meriweather v. State*, No. M2008-02329-CCA-R3-PC, 2010 WL 27947, at *1 (Tenn. Crim. App. Jan. 7, 2010).

Meanwhile, in 2008, Petitioner began serving a federal sentence. *See United States v. Meriweather*, No. 3:07-cr-0069, Doc. No. 61 (M.D. Tenn. Nov. 14, 2008) (judgment imposing sentence of 51 months' imprisonment). Accordingly, Petitioner was in federal custody when the TCCA remanded to the state trial court in 2010. (*See* Doc. No. 16-7 at 9–10 (June 2010 letter from Federal Bureau of Prisons official reflecting that Petitioner was in federal custody)). In June 2010, Petitioner requested disposition of the pending state charges under the Interstate Agreement on Detainers Act ("IAD"). (*Id.* at 4–6). And on February 9, 2011, Petitioner's counsel filed a Motion to Dismiss all charges in both cases, arguing that the State of Tennessee failed to act within the time allotted by the IAD. (*Id.* at 2–3).

Petitioner then entered another plea agreement. On March 4, 2011, the trial court granted Petitioner's Motion to Withdraw his original pleas, struck Petitioner's Motion to Dismiss under the IAD, and accepted Petitioner's plea agreement. (Doc. No. 16-8 at 3). Petitioner again pleaded guilty to "two Class B felony drug offenses in exchange for consecutive twelve-year sentences as a Range II multiple offender." *Meriweather*, 2020 WL 4530690, at *1. This "effective twenty-four-year sentence" was consecutive to Petitioner's federal sentence, and "would be served in a 'community-based alternative.'"[2] *Id.*

---

[2] In Tennessee, "a community corrections sentence, as a practical matter, closely resembles that of probation." *United States v. Wheeler*, 330 F.3d 407, 411 (6th Cir. 2003) (quoting *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

2

On April 13, 2011, Petitioner's counsel filed a "Motion to Clarify Judgment and Jail Credit," requesting an order reflecting that Petitioner "should not receive any jail credit on the state cases and that all jail credit shall be considered by [the trial] court as being applied to the federal sentence." (Doc. No. 16-7 at 16–17). On June 10, 2011, the trial court held a hearing on this motion and instructed the parties to submit an Agreed Order. (*Id.* at 18). There is no such order in the record. And on September 14, 2011, Petitioner filed a pro se Motion to Appoint Counsel in the trial court. (Doc. No. 16-8 at 5). There is no indication in the record that the trial court considered this motion, and Respondent refers to it as "non-cognizable." (Doc. No. 17 at 3).

In 2018, police arrested Petitioner "on drug and weapons charges." *Meriweather*, 2020 WL 4530690, at *1. The trial court "issued a probation violation warrant" in Case 713 and Case 1868. *Id.* On January 31, 2019, Petitioner's counsel again filed a Motion to Dismiss all underlying charges in both cases based on Petitioner's June 2010 IAD request. (Doc. No. 16-8 at 9–11). On February 27, 2019, the trial court held a hearing and struck the motion. (Doc. No. 16-7 at 40).

On May 30, 2019, this Court received Petitioner's federal habeas corpus petition. (Doc. No. 1 at 1). Since that time, the state trial court held probation revocation hearings, entered an order revoking Petitioner's probation, and placed his twenty-four-year sentence into effect. *Meriweather*, 2020 WL 4530690, at *1–2. The TCCA affirmed. *Id.*

## II. CLAIMS

Petitioner asserts three claims here, all related to the proceedings surrounding his second plea agreement in March 2011. First, he asserts that he received ineffective assistance of counsel regarding this agreement. (Doc. No. 1 at 5–6). Second, he asserts that the trial court violated his due process rights by striking the Motion to Withdraw his original pleas and the Motion to Dismiss under the IAD without holding a hearing or entering an order. (*Id.* at 6–7). Third, and relatedly,

3

Petitioner asserts that the trial court committed judicial misconduct by refusing to enter an order on—and refusing to grant—the Motion to Dismiss. (*Id.* at 8–9).

### III. LEGAL STANDARD

Federal habeas relief for state prisoners is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA establishes a demanding standard for granting federal relief on claims "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 102 ("If this standard is difficult to meet, that is because it was meant to be.").

The demanding review of claims rejected on the merits in state court, however, is ordinarily only available to petitioners who "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

The procedural default doctrine is "an important 'corollary' to the exhaustion requirement," under which "a federal court may not review federal claims that . . . the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citations omitted). A claim also may be "technically exhausted, yet procedurally defaulted," where "a petitioner fails to present a claim in state court, but that remedy is no longer available to him." *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (citing *Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012)).

To obtain review of a procedurally defaulted claim, a petitioner must "establish 'cause' and 'prejudice,' or a 'manifest miscarriage of justice.'" *Middlebrooks v. Carpenter*, 843 F.3d 1127, 1134 (6th Cir. 2016) (citing *Sutton v. Carpenter*, 745 F.3d 787, 790–91 (6th Cir. 2014)). Cause

may be established by "show[ing] that some objective factor external to the defense"—a factor that "cannot be fairly attributed to" the petitioner—"impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct. at 2065 (citations omitted). To establish prejudice, "a petitioner must show not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (quoting *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991)) (internal quotation marks omitted). And the manifest-miscarriage-of-justice exception applies "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### IV. ANALYSIS

Respondent argues that Petitioner's claims should be dismissed for three reasons—they are untimely, procedurally defaulted, and without merit. (Doc. No. 17 at 2, 7–10). As explained below, the Court agrees that Petitioner's claims are procedurally defaulted, so it is unnecessary to address Respondent's other arguments.

To recap, Petitioner's three claims arise from the proceedings surrounding his second plea agreement in March 2011. This includes one claim of ineffective assistance of counsel and two claims of trial court error. But at no point did Petitioner present these claims to the Tennessee Court of Criminal Appeals. And he can no longer assert these challenges to the March 2011 judgments because the thirty-day window to file a direct appeal and the one-year period to file a state post-conviction petition have both long-since expired.[3] Tenn. R. App. P. 4(a); Tenn. Code

---

[3] There are three narrow exceptions to the state post-conviction limitations period, and none apply to Petitioner's claims. *See Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citations omitted) (paraphrasing exceptions in Tenn. Code Ann. § 40-30-102(b) as applying to claim that is based on "a newly

5

Ann. § 40-30-102(a). Because Petitioner "fail[ed] to present" his three claims in state court, and "that remedy is no longer available to him," his claims are "technically exhausted, yet procedurally defaulted." *See Atkins*, 792 F.3d at 657 (citing *Jones*, 696 F.3d at 483–84).

Liberally construed, Petitioner's filings assert three causes for this default. First, at least as to the claims of trial court error, Petitioner asserts that he received ineffective assistance of counsel. (Doc. No. 1 at 7–8). And in some circumstances, "[i]neffective assistance of counsel can constitute cause for a procedural default." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Carrier*, 477 U.S. at 492). But "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Id.* (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). That is the case here, as Petitioner did not file a post-conviction petition following the March 2011 judgments. For this reason, Petitioner "cannot rely on ineffective assistance of counsel to establish cause to excuse his procedural default." *Id.*

Second, Petitioner asserts that the trial court accepted his March 2011 plea agreement without entering orders explaining why it struck or denied his Motion to Withdraw and Motion to Dismiss. (Doc. No. 19 at 5). Regarding formal notice of an adverse state court order, the Sixth Circuit has held as follows: "[W]here a petitioner demonstrates that 'neither he nor his attorney ever received formal notice of the state trial court's order denying his petition,' he has successfully 'established cause to excuse the procedural default resulting from his failure to timely appeal the denial of his postconviction petition.'" *Dickerson v. Warden, Ross Corr. Inst.*, 750 F. App'x 458, 461 (6th Cir. 2018) (quoting *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007)).

Even assuming that this logic generally extends to motions filed in the trial court prior to entry of judgment, however, it does not help Petitioner here. Petitioner does not argue that he failed

---

established constitutional right that applies retroactively, relies on scientific evidence that he is actually innocent, or involves a sentence enhanced because of a previous conviction that has been declared invalid").

6

to receive notice of the disposition of the Motions—rather, he takes issue with the way they were resolved. He could have raised this issue in the state courts in a timely manner after entry of the March 2011 judgments. *See Gross v. Warden, Lebanon Corr. Inst.*, 426 F. App'x 349, 358 (6th Cir 2011) (rejecting habeas petitioner's assertion of cause to excuse procedural default based on the trial court's "failure to establish a clear record" by summarily dismissing his motion for a new trial). Instead, Petitioner waited over eight years to attempt to raise this issue through a federal habeas petition, at a time when he was facing the revocation of his state probation and the possibility of his twenty-four-year sentence being placed into effect. Accordingly, Petitioner has not established that the manner in which the trial court resolved his Motion to Withdraw and Motion to Dismiss in March 2011 serves as cause to overcome the procedural default of his claims.

Third, Petitioner asserts that he "was of the min[d] that you could only file on[e post-conviction petition] in a criminal case." (Doc. No. 19 at 5). But Tennessee's "one-petition" limitation on post-conviction relief applies to judgments, not cases. *See* Tenn. Code Ann. § 40-30-102(c). That is, state prisoners may not file "more than one (1) petition for post-conviction relief . . . attacking a single *judgment*." *Id.* (emphasis added). Thus, after the trial court entered the March 2011 judgments, Petitioner could have attacked them through a petition for post-conviction relief. Petitioner's asserted "ignorance of the law" on this point "is insufficient to establish cause to excuse his procedural default." *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).

Finally, the Court notes that "procedurally defaulted claim[s] may be reviewed in habeas proceedings despite the absence of a showing of 'cause' if such review is necessary to avoid a fundamental miscarriage of justice." *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). But this exception "has been

7

applied only when a habeas petitioner has demonstrated that he is actually innocent." *Hodges*, 727 F.3d at 532 (citing *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006)). And Petitioner has not presented any evidence of actual innocence here.

## V. CONCLUSION

For these reasons, Petitioner's claims are procedurally defaulted without cause, and he has not established a manifest miscarriage of justice. Accordingly, his claims are not subject to further review, the Petition will be **DENIED**, and this action will be **DISMISSED**. This conclusion does not depend on the contents of the state court hearings that occurred on March 4 and June 10, 2011, and so Petitioner's motion requesting transcripts of those hearings (Doc. No. 18) will be **DENIED** as moot.

Because this constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons stated throughout the Court's analysis, the Court concludes that Petitioner has not satisfied these standards and will deny a certificate of appealability.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE